## Case No. 5,875.

GURNEY et al. v. HOGE.

[6 Blatchf. 499.] [1]

Circuit Court, S. D. New York. June 30, 1869.

PLEADING—DEMURRER—SUFFICIENCY OF PLEAS.

1. Where, in an action of debt on a bond, in the penalty of £20,000 sterling, British money, conditioned for the payment of £10,000 sterling, with interest, the declaration claimed that the defendant should render to the plaintiff the £20,000, and averred that that sum was equivalent to the sum of $140,000 United States' money, and the defendant pleaded: (1) That neither the £20,000 sterling, nor the £10,000 sterling, with interest, was equivalent to $140,000 United States' money, and that the defendant was

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

not indebted to the plaintiff in the last-named sum; and (2) that the defendant did not owe, on an open or running account, for the payment of which the bond was given as collateral security, as much as $140,000: *Held*, on demurrer, that both of the pleas were bad.

2. The plaintiff was entitled to judgment on the demurrer, and was, under the 26th section of the act of September 24, 1789 (1 Stat. 87), entitled to recover from the defendant so much of the sum named in the condition of the bond, as was, according to equity, due to the plaintiff, and that, on the request of either party, such sum must be assessed by a jury; otherwise, it might be assessed by the court.

This was an action of debt, brought on a bond, under seal, executed by the defendant [William Hoge] on the 28th of January, 1859, to the plaintiffs [Samuel Gurney and others], in the penalty of £20,000 sterling, lawful money of the kingdom of Great Britain, conditioned for the payment to the plaintiffs, by the defendant, of the sum of £10,000 sterling, with interest, at the rate of five per cent. per annum, from the 21st of December, 1858, as follows: £2,500 sterling, and interest, on the 1st of May, 1860; £2,500 sterling, and interest, on the 1st of August, 1860; £2,500 sterling, and interest, on the 1st of October, 1860; and £2,500 sterling, and interest, on the 1st of December 1860. The declaration claimed that the defendant should render to the plaintiffs the sum of £20,000 sterling, lawful money of the kingdom of Great Britain, and averred that the said sum was equivalent and equal to the sum of $140,000, lawful money of the United States of America. It then averred the execution of the bond, and that the penalty thereof, £20,000 sterling, was equal and equivalent to the sum of $140,000 before demanded, and set forth, as a breach of the bond, the nonpayment of the said sum of $140,000, lawful money of the United States, and laid the plaintiff's damages at $100,000. The defendant pleaded two special pleas. The first plea claimed oyer of the bond and of its condition, and set them forth. It then averred, that the defendant did not owe, and ought not to be charged with, the sum of $140,000, lawful money of the United States, because the said sum of £20,000 sterling, of the money of the kingdom of Great Britain, was not equivalent or equal to the said sum of $140,000, lawful money of the United States, nor was the said sum of £10,000 sterling, with interest thereon, mentioned in the condition of said bond, equal or equivalent to the said sum of $140,000, lawful money of the United States, nor was he indebted to the plaintiffs in the said sum of $140,000, lawful money of the United States. The second plea averred, that the defendant ought not to be charged with the said alleged debt, because he said that the bond was given as collateral security for the payment of an open or running account for moneys which might be due and owing from the defendant to the plaintiffs, and that the said open or running account, with interest, did not amount to the said sum of $140,000,

lawful money of the United States. To these pleas the plaintiffs demurred, assigning, as causes of demurrer, that, although the plaintiffs, in their declaration, had demanded from the defendant a sum certain, due by virtue of a bond under seal, yet the defendant had not, in and by his pleas, denied the bond to be his deed, nor in any manner shown himself to be discharged therefrom; and that the defendant should have pleaded that the bond was not his deed, and that he did not owe the debt demanded.

Edwin W. Stoughton and Clarence A. Seward, for plaintiffs.

William M. Evarts and Ashbel Green, for defendant.

BLATCHFORD, District Judge. The pleas are clearly bad. The first plea merely alleges that neither the sum named in the penalty of the bond, nor the sum named in the condition thereof, with interest, is equal or equivalent to the sum of $140,000, lawful money of the United States, and that the defendant is not indebted to the plaintiffs in the last-named sum. It was necessary for the plaintiffs, in order to make their pleading a correct one, to aver a sum in lawful money of the United States, to which the amount of the penalty expressed in the bond in foreign money was equal. But the first plea traverses no issuable fact which goes to the merits of the action. It does not deny the execution of the bond, or set up payment, or deny that the defendant owes the sum, in lawful money of the United States, to which the amount named in the condition of the bond is equivalent. It merely denies that the defendant owes, on the bond, as much as $140,000. The plea professes to set up a defence to the bond, but sets up none. The second plea merely avers, that the defendant does not owe, on the open or running account, for the payment of which the bond was given as collateral security, as much as $140,000.

There must be judgment for the plaintiffs on the demurrer. The 26th section of the act of September 24, 1789 (1 Stat. 87), provides, "that, in all causes brought before either of the courts of the United States, to recover the forfeiture annexed to any articles of agreement, covenant, bond, or other specialty, where the forfeiture, breach or nonperformance shall appear by the default or confession of the defendant, or upon demurrer, the court before which the action is, shall render judgment therein for the plaintiff, to recover so much as is due according to equity. And, when the sum for which judgment is rendered is uncertain, the same shall, if either of the parties request it, be assessed by a jury." In the present case, it is established, on this demurrer, and also by the confession of the defendant in his pleas, that the plaintiffs are entitled to recover from the defendant so much of the sum named in the condition of the bond as is, according to equity, due to

the plaintiffs. The sum for which judgment ought to be rendered is uncertain, because the sums named in the condition of the bond are expressed in foreign money, and judgment can be rendered only for so much money of the United States, and evidence is necessary to arrive at the proper amount in the latter money. Therefore, if either of the parties request, the sum due, according to equity, on the bond, that is, the sum for which judgment should be rendered, will be assessed by a jury. The rights of the defendant will be fully protected by such a proceeding, for he will have an opportunity, on such assessment, or on the ascertaining by the court, on evidence, of the amount for which judgment should be rendered, if no jury be requested, to raise all the questions he desires to raise as to the value of the pound sterling of Great Britain, named in the bond, in the money of the United States, and as to the true amount in such latter money for which judgment should be rendered, and as to whether the judgment should be rendered in one or another species of lawful money of the United States. So, also, the defendant will have an opportunity on such proceedings, to show how much is due on the account to secure which the bond was given. The course of practice, under the statute above cited, in a case like the present, is defined very clearly by Mr. Justice Washington, in the case of U. S. v. White [Case No. 16,686]. He says: "In cases, therefore, where the sum is uncertain, and a jury is requested by either party, the court may either direct a writ of inquiry, or may swear a jury immediately, to ascertain the sum justly due to the plaintiff. If the sum for which judgment should be rendered be not uncertain, the court, I conceive, is to ascertain it; if uncertain, and a jury be not requested, still the court may, in its discretion, ascertain it, or submit the matter to a jury. But, under no circumstances, can a final judgment be entered for the forfeiture, or penalty of the bond, in the cases mentioned in this section."

An interlocutory order will be entered, giving judgment for the plaintiffs on the demurrer to the pleas, and reciting, that it appears, upon such demurrer, that there has been a forfeiture by the defendant, under the writing obligatory named in the declaration, and a breach and nonperformance thereof, and of the condition thereof, by the defendant, and ordering that the plaintiffs are entitled to judgment herein, to recover from the defendant so much as shall be found to be due to them, according to equity, on said writing obligatory, according to the statute in such case made and provided. The appropriate further proceedings will then take place before the court or a jury, as the case may be, according to the statute.